J-S31036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :           PENNSYLVANIA
                                 :
             v.                       :
                                 :
ACKEEM MORRIS                  :
                               :
          Appellant         :    No. 3018 EDA 2024

Appeal from the PCRA Order Entered October 11, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011393-2016

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:           **FILED OCTOBER 22, 2025**

Appellant Ackeem Morris appeals from the order denying his first Post-Conviction Relief Act[1] (PCRA) petition. On appeal, Appellant claims that the PCRA court erred by denying his claims of trial counsel's ineffective assistance. After review, we affirm.

The history of this case is well known to the parties. ***See Commonwealth v. Morris***, 498 EDA 2022, 2023 WL 2291741, at *1 (Pa. Super. filed Mar. 1, 2023) (unpublished mem.) (***Morris II***). Briefly, Appellant was convicted after a jury trial of attempted murder, aggravated assault, criminal conspiracy to commit attempted murder, conspiracy to commit aggravated assault, firearms not to be carried without a license, carrying a firearm without a license on the public streets of Philadelphia, possession of

_____

[1] 42 Pa.C.S. §§ 9541-9546.

an instrument of a crime, simple assault, and recklessly endangering another person[2] in relation to the September 17, 2016 shooting of Brandon Davis. *Id.* After trial, Appellant pled guilty to persons not to possess.[3] *Id.* at *1 n.1. Appellant was sentenced to an aggregate sentence of twenty to forty years. *Id.* at *2 n.2. On March 1, 2023, this Court vacated his unlawful sentence for conspiracy to commit murder, but affirmed Appellant's judgment of sentence in all other respects.[4] *Id.* at *8.

On March 17, 2023, Appellant filed the instant PCRA, his first.[5,6] Thereafter, the PCRA court appointed counsel for Appellant, who filed an

---

[2] 18 Pa.C.S. §§ 901(a), 2702(a)(1), 903(a), 6106(a)(1), 6108, 907(a), 2701(a)(1), and 2705, respectively.

[3] 18 Pa.C.S. § 6105(a)(1).

[4] The vacatur did not affect Appellant's overall sentence and, therefore, this Court did not remand for resentencing. *Morris II*, 2023 WL 2291741, at *8.

[5] Appellant did file a PCRA petition seeking the reinstatement of his right to file post-sentence motions and a direct appeal on September 1, 2020. *See Morris II*, 2023 WL 2291741, at *2. The PCRA court, thereafter, reinstated Appellant's rights *nunc pro tunc*. *See id.* However, where as here, "a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." *Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa. Super. 2013) (citations omitted).

[6] Appellant's judgment of sentence became final on March 31, 2023, thirty days after this Court affirmed his judgment of sentence when he did not seek petition for allowance of appeal with our Supreme Court. *See* 42 Pa.C.S § 9545(b)(3) (stating that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United

*(Footnote Continued Next Page)*

amended PCRA petition arguing that trial counsel was ineffective for failing to file a post-sentence motion, failing to adequately prepare for trial, and for advising Appellant to plead guilty to persons not to possess a firearm.[7] The PCRA court granted Appellant an evidentiary hearing, which was limited to Appellant's claim concerning trial counsel's alleged failure to properly advise Appellant about his guilty plea. The evidentiary hearing was held on June 14, 2024. On October 11, 2024, the PCRA court dismissed Appellant's PCRA petition. Appellant timely filed a notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P 1925.

---

States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 1113(a) (stating a petition for allowance of appeal must be filed within thirty days after the entry of this Court's order). Appellant filed his *pro se* PCRA petition on March 17, 2023, before his judgment of sentence was final. Accordingly, Appellant's *pro se* PCRA petition was premature. However, after Appellant's judgment became final, the PCRA court appointed counsel and PCRA counsel filed an amended petition. Under these circumstances, the counseled amended PCRA petition is timely and, therefore, the PCRA court had jurisdiction to address the merits. *See Commonwealth v. Myers*, 168 EDA 2023, 2024 WL 1574072, at *2-4 (Pa. Super. filed Apr. 11, 2024) (unpublished mem.) (finding counsel's amended PCRA petition, filed after the judgment of sentence became final, was properly construed as a timely first PCRA petition despite the *pro se* petition being filed prematurely), *appeal denied*, 330 A.3d 1253 (Pa. 2024). *See* Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

[7] Counsel also filed a supplemental amended petition on January 21, 2024 arguing after-discovered evidence claims regarding police misconduct. *See* Suppl. Am. PCRA Pet., 1/21/24. However, these claims have not been raised on appeal and are, therefore, abandoned and waived. *See* Appellant's Brief at 7; *see also* Pa.R.A.P. 2116(a), 2119(a); *Commonwealth v. Johnson*, 129 WDA 2022, 2022 WL 7853482, at *1 n.1 (Pa. Super. filed Oct. 14, 2022) (unpublished judgment order).

On appeal, Appellant raises the following issues for our review:

1. Whether the court erred in denying Appellant's PCRA petition based on ineffective assistance of counsel for failing to adequately prepare for trial.

2. Whether the court erred in not granting relief on the PCRA petition alleging trial counsel was ineffective for failing to adequately explain the guilty plea offer.

3. Whether the court erred in denying Appellant's PCRA petition based on trial counsel's failure to preserve the weight of the evidence claim.

Appellant's Brief at 7 (some formatting altered).

In reviewing the denial of a PCRA petition, our standard of review

is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019)

(citations omitted and formatting altered).

We presume that a defendant's counsel was effective. *See*

*Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007). This

Court has explained that

to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her

action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his [or her] action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his [or her] client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he [or she] may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Sandusky*, 203 A.3d at 1043-44 (citations omitted and formatting altered)

**Trial Counsel's Preparation**

Appellant's first claim is that trial counsel was not adequately prepared for trial. Appellant's Brief at 18-19. Appellant claims that trial counsel failed to meet or communicate with him other than at the preliminary hearing and trial. *Id.* at 18. Appellant also contends that trial counsel failed to provide him with discovery despite his requests. *Id.* Appellant argues that these failures deprived him of a fair trial because it prevented him from meaningfully

participating in his own defense or making decisions that affected trial strategy. *Id.* Appellant additionally claims that trial counsel's alleged failure to meet with him prevented him from understanding his rights and trial strategy. *Id.* Appellant concludes that, "[h]ad trial counsel properly prepared and conferred with [] Appellant, the outcome of the trial would have likely been different." *Id.* at 19. Additionally, Appellant claims that he was "further prejudiced because the lack of preparation and consulting resulted in a weak defense and if [trial] counsel had properly met with [] Appellant, they would have been able to build a stronger, more informed defense, likely affecting the trial outcome." *Id.*

To demonstrate prejudice for a failure to consult claim, a non-capital defendant must "alleg[e] beneficial information or issues that counsel should have presented had he been prepared adequately, which would have changed the outcome of the trial." *Commonwealth v. Elliot*, 80 A.3d 415, 432 (Pa. 2013) (citations omitted).[8]

---

[8] We note that the defendant in *Elliot* was a capital defendant. *See Elliot*, 80 A.3d at 421. However, Elliot's trial occurred before our Supreme Court decided *Commonwealth v. Brooks*, 839 A.2d 245 (Pa. 2003), in which it "held that trial counsel in a capital case was ineffective when he failed to meet his client in person prior to trial." *Id.* at 425. Accordingly, after determining that *Brooks* did not apply retroactively, our Supreme Court analyzed Elliot's claims based on pre-*Brooks* law. *Id.* at 431-32. This Court has held that *Brooks* "applies only to those cases in which the Commonwealth was pursuing the death penalty" and applied the standard utilized in *Elliot* where the Commonwealth was not pursuing the death penalty. *See Commonwealth v. Shields*, 3690 EDA 2018, 2020 WL 4462626, at *5 (Pa. Super. filed Aug. 4, 2020) (unpublished mem.).

Here, the PCRA court addressed this claim as follows:

Despite asserting that counsel failed to "adequately prepare for trial," Appellant has made no specific allegation of what counsel failed to do in his preparation. Moreover, while Appellant claims that counsel failed to consult with him about defense strategy, he has not alleged how that strategy would have changed—and specifically, how it would have been more effective—had he been consulted. Also lacking from Appellant's pleadings is any assertion of how the outcome of the trial would have changed had he received discovery from counsel. Having failed to plead and offer to prove how he was prejudiced by counsel's allegedly limited pre-trial preparation and consultation, Appellant is not entitled to PCRA relief.

PCRA Ct. Op., 12/20/24, at 7 (citation omitted and some formatting altered).

After review, we conclude that the PCRA court's determination is supported by the record and free of legal error. *See Sandusky*, 203 A.3d at 1043. Appellant does not explain any issues or information that trial counsel should have presented but failed to present due to lack of preparation for trial. *See Elliot*, 80 A.3d at 432. Further, Appellant does not explain how failing to present said issues caused him prejudice. *See id.* Appellant merely makes a boilerplate claim that, had counsel met with him more frequently, the result of his trial would have been different. Accordingly, the PCRA court did not err in denying this claim. *See Sandusky*, 203 A.3d at 1043.

**Trial Counsel's Advisement Regarding Guilty Plea**

Appellant's next claim is that the PCRA court erred by rejecting his claim that trial counsel was ineffective for failing to explain the full ramifications of his plea offer, which resulted in him pleading guilty to persons not to possess after his conviction on the other above-stated charges. Appellant's Brief at

19-21. Appellant contends that he was "prompted to plead guilty to charges that he did not understand." *Id.* at 20. Further, Appellant claims that trial counsel advised him that he would not receive an additional sentence on the charge. *Id.* Additionally, Appellant claims that he was forced to make the decision at a time when he was not in a proper state of mind because he had just been convicted of the rest of the above-stated charges. *Id.* Appellant also argues that he was never advised that "if [his] other charges [were] later overturned, this offense and sentence would still keep him incarcerated." *Id.* Appellant concludes that, due to counsel's inadequate advisement and his emotional stress at the time of the plea, his plea was "not entered into knowingly, intelligently, and voluntarily." *Id.* at 21.

This Court has previously addressed PCRA claims regarding alleged deficient advice of plea counsel as follows:

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.
>
> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily[,] and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must

make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa. Super. 2023) (citation omitted), *appeal denied*, 315 A.3d 834 (Pa. 2024). Regarding the validity of a plea, this Court has stated that

[t]o ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

[*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008)] (citation omitted); *accord* Pa.R.Crim.P. 590, cmt.

The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences. Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea. Furthermore, nothing in the rule precludes the

- 9 -

> supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings.
>
> **Bedell**, 954 A.2d at 1212-13 (citations, quotation marks, and ellipses omitted).

**Felix**, 303 A.3d at 820.

Additionally, "a defendant is bound by his statements at his plea colloquy and may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea." **Id.** at 821 (citing **Commonwealth v. Jabbie**, 200 A.3d 500, 506 (Pa. Super. 2018)). A PCRA petitioner cannot obtain relief based upon a claim that he lied during his plea colloquy. **Id.** (citing **Commonwealth v. Pier**, 182 A.3d 476, 480 (Pa. Super. 2018)).

Here, the PCRA court addressed this claim as follows:

Appellant first claims that his plea was not knowingly made because it was tendered after trial counsel advised him that "he would receive no additional sentence" for the section 6105 violation (Amended PCRA Petition[, 10/27/23], p. 20). At the time he pleaded guilty, however, Appellant signed a colloquy form that acknowledged that he could receive a sentence of up to ten years of incarceration on the offense (Colloquy Form, p. 1). The Court verbally advised him of this as well, and Appellant confirmed his understanding:

> [Trial] Court: Do you understand that the decision as to what sentence you receive on this charge is mine and mine alone; the maximum penalty could be 10 years incarceration and a $25,000 fine?
>
> [Appellant]: Yes.
>
> [Trial] Court: Has anyone promised you anything or forced you or threatened you in order to get you to plead guilty on this charge?

[Appellant]: No.

(N.T. 9/29/17, 33-34).

Notably, despite having been granted an evidentiary hearing on this claim, Appellant offered no evidence concerning counsel's alleged promise of no further sentence.

Appellant acknowledged, in writing and verbally, that no promises were made to secure his guilty plea and that there was "no plea bargain or agreement of any kind" (*id.*; Colloquy Form, p. 1). Finally, he confirmed both on the written form and orally before the Court that his trial attorney had explained the guilty plea form and that he understood everything on it ([Colloquy Form at 1]; N.T. 9/29/17 at 34).

Appellant next claimed that he did not understand the charge to which he pleaded guilty (Amended PCRA Petition[, 10/27/23], p. 20). The record refutes this as well. Appellant acknowledged that his attorney had explained the elements of the 6105 charge to him, that he understood those elements, and that he understood that the Commonwealth carried the burden of proving each element beyond a reasonable doubt (Colloquy Form, pp. 1-3).

Finally, Appellant claimed that his attorney did not inform him that his judgment of sentence for the 6105 violation would not be overturned even if the remaining convictions were [overturned] (Amended PCRA Petition[, 10/27/23], p. 20). He testified at his evidentiary hearing that he "wasn't in the right state of mind" when he pleaded guilty, and, in any event, that he believed he would be able to appeal the judgment of sentence (N.T. 6/14/24, 9). The Court did not find this testimony credible. Once again, Appellant gave written and verbal confirmation that counsel explained-and that Appellant understood-the rights Appellant was relinquishing in pleading guilty, including many grounds on which he could appeal the conviction:

> [Trial] Court: Do you understand that when you plead guilty, you give up the right to go to trial by a judge or jury where the Assistant District Attorney would have to prove these charges against you beyond a reasonable doubt?
>
> [Appellant]: Yes.

[Trial] Court: You give up the right to testify at trial on your own behalf and present witnesses and evidence in an effort to show that you are not guilty. Do you understand?

[Appellant]: Yes.

[Trial] Court: You also give up the right to have [trial counsel] argue any trial or pretrial motions in regard to this charge. Do you understand?

[Appellant]: Yes.

[Trial] Court: You also give up much of your right to appeal on this charge only. You limit your right to appeal to three areas. The first is whether the Court has jurisdiction over your case; the second, whether your guilty plea is voluntary; and third, whether you received a legal sentence. And it's unlikely that any of those areas of appeal would be successful. Once again, we're only talking about the 6105 charge. Do you understand?

[Appellant]: Yes.

(N.T. 9/29/17, 32-33; *see also* Colloquy Form, p. 3; N.T. 6/14/24, 11-13).

As to Appellant's claim that his decision to plead guilty was "induced by the more overpowering collective will of his trial counsel" (Amended PCRA Petition[, 10/27/23], pp. 20, 21), this, too, is unsupported by the record. He acknowledged on the colloquy form that he had not been threatened or forced to plead guilty, that he was satisfied with counsel's representation, and that he understood that the decision to plead guilty was his [Appellant's] alone to make (Colloquy Form, 1, 3). *See Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (defendant is bound by his statements during plea colloquy); *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty") (quoting *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996)).

Finally, Appellant's claim that trial counsel was ineffective for advising him to plead guilty also fails. Appellant bases his claim on the following argument: counsel was ineffective for advising Appellant to plead guilty to section 6105 (as opposed to moving

- 12 -

to a stipulated waiver trial) because "if the other offenses [that the jury had convicted him of] were overturned, [the section 6105 conviction] and sentence would keep him incarcerated" (Amended PCRA Petition[, 10/27/23], p. 20). This argument is unavailing because the Superior Court has already upheld Appellant's judgments of sentence on appeal. Therefore, he has not proved how he was prejudiced by counsel's advice.

PCRA Ct. Op. at 8-11 (some formatting altered).

After review, we conclude that the PCRA court's determinations are supported by the record and free of legal error. *See Sandusky*, 203 A.3d at 1043. Appellant's plea colloquy establishes that he entered the plea knowingly, voluntarily, and intelligently. *See Felix*, 303 A.3d at 820. As the PCRA court acknowledges, the record of the colloquy belies Appellant's arguments regarding the validity of his plea.

During the colloquy, Appellant confirmed that he understood the charge he was pleading guilty to, the factual basis for the plea, and the possible sentence that he could receive. *See* N.T., 9/29/17, at 32-36; Colloquy Form, 9/29/17, at 1-3. As to Appellant's state of mind at the time of the plea, the record also confirms that Appellant understood the guilty plea colloquy form that he reviewed with counsel, that Appellant was not forced or threatened to plead guilty, that Appellant was satisfied with plea counsel's representation, and that Appellant understood that the decision to plead guilty was his to make. *See* N.T., 9/29/17, at 34; Colloquy Form, 9/29/17, at 1-3. Additionally, Appellant confirmed nothing about his mental health diagnosis interfered with his ability to understand the plea and that he was pleading guilty of his own free will. *See* N.T., 9/29/17, at 31, 34. Finally, the record confirms that

Appellant was aware of the rights he was giving up by pleading guilty. ***See*** N.T., 9/29/17, at 32-33; ***see also*** Colloquy Form, 9/29/17, at 1-3; N.T. Evidentiary Hr'g, 6/14/24, at 11-13.

In sum, the record establishes that Appellant's plea was knowing, intelligent, and voluntary. Therefore, we conclude that the PCRA court's determination is supported by the record and free of legal error. ***See Felix***, 303 A.3d at 820; ***Sandusky***, 203 A.3d at 1043. Accordingly, no relief is due.

### Trial Counsel's Failure to File a Post-Sentence Motion Challenging Weight of the Evidence

Appellant's final claim is that trial counsel was ineffective for failing to file a post-sentence motion claiming that the verdict was against the weight of the evidence. Appellant's Brief at 21. Appellant claims that had trial counsel filed a post-sentence motion, this Court "would have likely found that the conflicting and inconsistent evidence proffered at trial was insufficient in supporting the conviction of [] Appellant" ***Id.*** at 22. Specifically, Appellant claims that the verdict was against the weight of the evidence because "Appellant's DNA was not found on all the recovered items and the Commonwealth's witnesses were not credible." ***Id.*** Appellant claims that "if [trial] counsel had properly filed the motion, the trial court might have granted relief by ordering a new trial or the challenge would have been preserved for appellate review." ***Id.*** at 23.

Here, the PCRA court addressed this issue as follows:

> This claim is meritless: trial counsel filed a post-sentence motion raising a weight claim (Post-Sentence Motion, 12/18/17). Moreover, Appellant's forty-eight allegations of error listed in his Rule 1925(b) statement on direct appeal included a weight claim, which this court thoroughly addressed in its May 2, 2019 opinion (Trial Court Op., 5/2/19, pp. 10-12). Ultimately, the Superior Court declined to address the weight claim, having determined that it was "undeveloped and indistinguishable from his sufficiency of the evidence claim." ***Commonwealth v. Morris***, [255 EDA 2018, 2020 WL 3415655, at *2 n.3 (Pa. Super. filed Jun. 22, 2020) (unpublished mem.) (***Morris I***)].

PCRA Ct. Op. at 11.

Our review of the record confirms the PCRA court's determination. Trial counsel filed a post-sentence motion challenging the weight of the evidence on December 18, 2017. The trial court denied that motion the next day. The trial court addressed the weight of the evidence claim in its Rule 1925(a) opinion and ultimately concluded that the claim was meritless. ***See*** Trial Ct. Op., 5/1/19, at 9-12. On direct appeal, this Court deemed the claim waived as underdeveloped. ***See Morris I***, 2020 WL 3415655, at *2 n.3. Since trial counsel did file a post-sentence motion challenging the weight of the evidence, he could not have been ineffective for failing to do so.[9] ***See Commonwealth v. Chmiel***, 889 A.2d 501, 541 (Pa. 2005) (stating "counsel cannot be found ineffective for failing to do something that he, in fact, did"). Accordingly, no relief is due. ***See Sandusky***, 203 A.3d at 1043.

---

[9] To the extent that Appellant is claiming that appellate counsel was ineffective for failing to adequately brief the issue, that claim is waived as it was not presented to the PCRA court. ***See*** Pa.R.A.P. 302(a) (stating "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); ***see also Bedell*** 954 A.2d at 1216 (explaining that claims not raised in the PCRA court are waived for appeal).

- 15 -

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2025